PEATROSS, J.
11 Defendant, Frederick James Shepard, was convicted by a jury as charged of Possession of Cocaine, adjudicated as a fourth-felony offender and was sentenced to the mandatory minimum sentence of 20 years at hard labor, without benefits. Defendant now appeals, challenging his multiple offender sentence. For the reasons *878 stated herein, Defendant’s sentence is affirmed.

DISCUSSION

Defendant assigns the following error on appeal (verbatim):

The multiple offender sentence should be overturned because improper sentencing procedures were followed.

The habitual offender bill of information, charging Defendant as a fourth-felony offender, was filed a week after trial. Sentencing delays were waived by Defendant and he was sentenced to the mandatory minimum of 20 years, without benefits. Within his assignment of error, Defendant asserts several alleged sentencing errors by the trial court.
First, Defendant asserts that the sentence imposed is illegal because of the trial court’s failure to first impose a sentence and then vacate it and impose another sentence after the multiple offender adjudication. We disagree. There is no requirement in Louisiana statutes or jurisprudence that a court must first impose a sentence, only to vacate it and impose a sentence after a habitual offender adjudication. La. R.S. 15:529.1 D(3) contains no such requirement and, by its express language, contemplates the situation where the trial court may not have already imposed sentence at the time a defendant is found to be a multiple offender. Subsection D(3) provides:
| g(3) When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling. (Emphasis added.)
We, therefore, conclude that the trial court properly sentenced Defendant following his adjudication as a multiple offender. In addition, we note that the cases cited by appellate counsel are inapposite, dealing only with sentences imposed after conviction, which were not vacated before the imposition of a sentence subsequent to a habitual offender adjudication.
Second, Defendant asserts that there was an insufficient articulation of sentencing factors to support the sentence imposed. The sentence imposed was the mandatory minimum for Defendant’s offense of conviction and habitual offender status. As has been repeatedly noted in the jurisprudence of this state, since the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court’s compliance with La. C. Cr. P. art. 894.1 is not required. See State v. Richardson, 39,456 (La.App.2d Cir.3/2/05), 896 So.2d 257, writ denied, 05-0845 (La.11/29/09), 916 So.2d 165, cert. denied, 547 U.S. 1135, 126 S.Ct. 2032, 164 L.Ed.2d 791 (2006), and cases cited therein.
Defendant makes a third challenge to his sentence, claiming that his motion to reconsider sentence has not been acted on and is still pending. Even if it were not yet ruled on, no action would be required by this court. |sSee La. C. Cr. P. art. 881.1 C. The record does, however, contain a motion to reconsider, which was denied by the judge pro tempore on March 5, 2008. This argument is, therefore, without merit.
Finally, Defendant submits that the trial court failed to comply with the proper procedural delays relating to sentencing *879 after ruling on post-conviction motions. As previously mentioned, the record indicates that those delays were explicitly waived by Defendant. Further, Defendant fails to advert to any prejudice alleged to have occurred as a result of any failure to comply with the delays. La. C. Cr. P. art. 921.
In summary, we find the arguments of Defendant to be legally and/or factually meritless. The multiple offender sentence of Defendant is, therefore, affirmed.

CONCLUSION

For the foregoing reasons, the sentence of Defendant, Frederick James Shepard, is affirmed.
AFFIRMED.